IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COREY PALMS,

                         Plaintiff,

        v.

SANDRA SITZMAN, Health
Service Manager or Active Supervisor;
SERGEANTS MORRIN and MADEY;
CORRECTIONAL OFFICERS TOMAC,
GRAY, HERBRAND and MORGAN,

                         Defendants.

OPINION and ORDER

07-C-044-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and declaratory relief, brought under 42 U.S.C. § 1983, plaintiff Corey Palms contends that defendants Sandra Sitzman, Sergeants Morrin and Madey and Correctional Officers Tomac, Gray, Herbrand and Morgan violated his Eighth Amendment rights when they were deliberately indifferent to his need for pain medication after he had a wisdom tooth removed. At times relevant to this case, plaintiff was a prisoner incarcerated at the Columbia Correctional Institution in Portage, Wisconsin.

Now before the court are the unopposed motions for summary judgment of defendant Sitzman and of defendants Morrin, Madey, Tomac, Gray, Herbrand and Morgan. Because

1

plaintiff has not adduced any evidence that any of the defendants acted with deliberate indifference in denying him pain medication after he had a wisdom tooth removed on March 17, 2006, both motions will be granted.

Defendants' proposed findings of fact are undisputed by plaintiff. Therefore, for the purpose of deciding this motion, I draw the following material and undisputed facts from the facts proposed by defendant Sitzman and defendants Morrin, Madey, Tomac, Gray, Herbrand and Morgan.

FACTS

At all times relevant to this case, plaintiff Corey Palms was a prisoner incarcerated at the Columbia Correctional Institution in Portage, Wisconsin. All defendants were employed by the Wisconsin Department of Corrections and worked at the Columbia Correctional Institution in the following capacities: Sandra Sitzman was the manager of health services, defendants Morrin and Maday were sergeants, defendants Tomac, Gray, Herbrand and Morgan were correctional officers.

On March 17, 2006, plaintiff was seen by a dentist regarding his complaint of pain in his upper right wisdom tooth. The dentist, Dr. Quisling, recommended that plaintiff's wisdom tooth be removed. Plaintiff agreed to have the tooth removed at that time. Five or ten minutes before the procedure, plaintiff received an injection of numbing medication.

2

This long-acting medication lasts for six to eight hours. At approximately 9:00 a.m., after the procedure was complete, plaintiff left the dental unit and returned to his cell.

After performing the procedure, Dr. Quisling wrote an order for hydrocodone 5mg/500mg pills, one or two of which were to be taken every four hours. He specified that the daily dosage was not to exceed eight pills in 24 hours. Hydrocodone is a narcotic pain medication.

After writing this order, Dr. Quisling did not hand the chart to a nurse and did not direct a nurse to process the order right away. When an order is urgent, or needed by a patient right away, it is given a priority code and handed to a nurse for immediate processing. Orders that do not receive a such a priority code are processed as nurses have time to do so. Orders for narcotics are generally processed by staff on the afternoon shift. After security staff in plaintiff's housing unit called to ask whether the medication was being sent to the unit soon, the hydrocodone order for plaintiff was "discovered" and processed at 3:45 p.m. and taken to plaintiff's housing unit at approximately 4:00 or 4:15 p.m..

Defendants Morrin, Maday, Tomac, Gray, Herbrand and Morgan worked in plaintiff's housing hall during the first or second shifts on March 17, 2006. They all recall that plaintiff was a prisoner at that time, but do not recall that he complained to them that he needed pain medication after having a tooth removed. Defendants Morrin, Maday, Tomac, Gray, Herbrand and Morgan do not recall being involved in any way with plaintiff

3

on March 17, 2006.

When problems or concerns related to medical issues are raised by prisoners, the concerns are noted in a shift log book.  There is nothing noted in the shift log book on March 17, 2006 about plaintiff's medical needs, other than a notation at 8:02 a.m. that he had gone to have a tooth removed.

Generally, security staff do not call the health services manager about medications. Instead, they call the general health services number and speak with nursing staff. Defendant Sitzman does not recall receiving a phone call about plaintiff's need for pain medication on March 17, 2006.  Defendant Sitzman was unaware until March 31, 2006 that plaintiff did not receive hydrocodone immediately after his tooth was removed.  This was when plaintiff wrote to her and told her that he had experienced unnecessary pain because of the delay in the delivery of his pain medication.  Plaintiff later filed a formal complaint about the matter, and this was investigated.


OPINION

Plaintiff's claim that defendants denied him adequate medical care arises under the Eighth Amendment, which prohibits cruel and unusual punishment. Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need."  Estelle v. Gamble, 429 U.S. 97,

4

104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). Therefore, in some cases, a prisoner's need for pain medication may constitute a serious medical need.

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that petitioner needed treatment?

(3) Despite their awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

Because plaintiff would have the burden to prove his case at trial, it is his burden at the summary judgment stage to come forward with enough evidence on each of these elements

5

to allow a reasonable jury to find in his favor.  Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  Plaintiff's failure to oppose defendants' motions for summary judgment dooms his case.

Even if I were to draw the generous inference from the sparse facts before me that plaintiff's need for pain medication in the hours after he had a wisdom tooth removed constituted a serious medical need, plaintiff's claim cannot proceed.  The defendants have adduced evidence that they were unaware that plaintiff lacked proper pain medication following the removal of his wisdom tooth on March 17, 2006.  Perhaps plaintiff disagrees. If he had evidence that he told one or more of the defendants about his need for medication, however, he was required to produce it in response to defendants' motions for summary judgment.  He did not.  Therefore, the court will accept as true that all of the defendants were unaware that plaintiff needed pain medication on March 17, 2006 and that he did not receive it.  Absent any awareness of plaintiff's need for medical care, defendants could not have been deliberately indifferent to it.  E.g., Farmer, 511 U.S. at 842.

ORDER

IT IS ORDERED that the motions for summary judgment of defendant Sandra Sitzman and defendants Sergeants Morrin and Madey, Correctional Officers Tomac, Gray, Herbrand and Morgan are GRANTED.  The clerk of court is directed to enter judgment in

favor of defendants and close this case.

    Entered this 26th day of October, 2007.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge